AO 243
REV 6/82

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED IN CLERKS OFFICE
2005 FEB 3 A 11:32
U.S. DISTRICT COURT
DISTRICT OF MASS.

| United States District Court | District Massachusetts |
|---|---|
| Name of Movant: Dulcinea Charles | Prisoner No. 24090-038  Docketed No. CRA $0064-001-GAO |
| Place of Confinement: Satellite Camp-Federal Medical Center, Lexington, KY. 40511 | |

UNITED STATES OF AMERICA    V.    Dulcinea Charles
(include name upon which convicted)
(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U. S. District Court of Massachusetts__

2. Date of judgment of conviction __October 2, 2003__

3. Length of sentence __36 months__

4. Nature of offense involved (all counts) __Attempted Alien Smuggling__

    10277 GAO
    MAGISTRATE JUDGE __RBC__

5. What was your plea? (Check one)
    (a) Not guilty ☐
    (b) Guilty ☒
    (c) Nolo contendere ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
    _____
    _____
    _____

6. Kind of trial: (Check one)
    (a) Jury ☐
    (b) Judge only ☐

7. Did you testify at the trial?
    Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
    Yes ☒ No ☐

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court __First Circuit Court of Appeals__

   (b) Result __Sentence Affirmed__

   (c) Date of result __Approximately October, 2004__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(3)

AO 243
REV 6/82

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____

    (6) Date of result _____

  (c) As to any third petition, application or motion, give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____
    _____

    (3) Grounds raised_____
    _____
    _____
    _____
    _____
    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐
    (5) Result _____
    (6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐ No ☐
    (2) Second petition, etc.   Yes ☐ No ☐
    (3) Third petition, etc.    Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____
_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

   A. Ground one: _____ See attached _____

   _____

   Supporting FACTS (tell your story *briefly* without citing cases or law: _____

   _____

   _____

   _____

   _____

   _____

   _____

   B. Ground two: _____

   _____

   Supporting FACTS (tell your story *briefly* without citing cases or law): _____

   _____

   _____

   _____

   _____

   _____

   _____

   C. Ground three: _____

   _____

   Supporting FACTS (tell your story *briefly* without citing cases or law): _____

   _____

   _____

   _____

   _____

(5)

12. Petitioner was indicted under 8 U.S.C. §1324. On April 7, 2003, Petitioner entered a guilty plea to violating said 8 U.S.C. §1324 but specifically did not admit that her violation was "done for the purpose of commercial advantage or private financial gain"... as set forth under 8 U.S.C. §1324(2)(B)(ii). Petitioner, in fact, denied that the offense to which she pled guilty was done "for" personal financial gain.

Despite Petitioner's insistence that all funds she received were used for the expenses of providing the false papers (ie, that she did not personally gain from the transaction), her attorney at sentencing did not argue her intent. He seems to have conceded that she was subject to the mandatory minimum sentence provided in 8 U.S.C. §1324(2)(B) for first offenses "done for" private financial gain. This was ineffective assistance of counsel in that he failed to ask for an evidentiary hearing on this issue and did not demand that the government prove such intent on the part of the Petitioner to a jury beyond a reasonable doubt.

Petitioner had a PSI which assigned her 10 sentencing points. That level of sentencing points under the U.S.S.G. would have given Petitioner a sentence of 6 to 12 months. As a Zone A category, probation would have been a option for a sentence. Instead, because the Court held she had acted for personal financial gain, she received the mandatory minimum sentence of 36 months (3 years).

Petitioner instructed her attorney to file an appeal on the sentencing issue. Her appellate attorney cited the issue of "done for" personal financial gain but did not include any case law on the appropriate standard of proof and/or the legal standard applicable. Petitioner had stated consistently that she had

no intention, and did not, profit financially from the criminal acts. She stated she had acted to help her fellow countrymen enter the United States through mis-guided concern for them. The government had taken the position that because she received money she was automatically had done the acts for personal financial gain. She was arguing that the statute required personal financial gain as the motivation for the acts in order to receive the mandatory minimum of 3 years. Her attorney raised this point, at her insistence, at the time she entered her plea but effectively abandoned it at the sentencing hearing. He seems to have conceded, contrary to Petitioner's wishes and expressed position, that if she received money at all that satisfied the terms of the statute in question. Petitioner has consistently asserted to the contrary. It is Petitioner's position that the statute requires a determination of motivation rather than a knee-jerk assumption that if money changed hands that had to be the Defendant's motivation. If that were the proper reading of the statute, the "done for" portion of the statute becomes superfluous.

At the appellate level, as noted above, appellate counsel listed that issue but never briefed it to the Court. It was never pursued by Counsel and therefore the Court's decision was rendered without considering that point.

While, Defendant's case was on appeal, Blakely vs. Washington was decided June 24, 2004. That case holds that any fact, other than a prior conviction, which serves to increase the Defendant's sentence must be submitted to a jury and determined beyond a reasonable doubt. This decision was directly pertinent to Petitioner's case. In her case, she admitted the crime, but not the fact, ie was it "done for" personal financial gain, which directly affected her

sentencing level. As such, <u>Blakely</u> clearly demonstrated that Petitioner was entitled to submit the issue of whether 8 U.S.C. §1324(2)(B) was applicable to her.

Petitioner wrote to her attorney specifically calliing the <u>Blakely</u> decision to counsel's attention. Counsel did not take any steps to raise this argument before the Court or to incorporate the <u>Blakely</u> arguments into the case. This was clearly ineffective assistance of counsel. As set out in Petitioner's brief, since her appeal was still pending when <u>Blakely</u> was decided, Petitioner had the right to have her case adjudicated under the <u>Blakely</u> standards. Her counsel had an obligation to raise these points with the Court. She did not. As a result, this issue was not heard by the appellate Court.

As a direct result, Petitioner's case was not heard on the <u>Blakely</u> issue, or on the issue of the proper meaning of the statute, and her sentence was upheld. She is entitled to have the sentence vacated and to be re-sentenced without application of 8 U.S.C. §1324(2)(B) since the fact on which the application of that statute was applied was not found by the jury beyond a reasonable doubt.

AO 243
REV 6/82

D. Ground four: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

Blakely vs. Washington was decided while my case was on appeal. I requested my

to raise that as an issue in the appeal since it directly relates to my case.

She failed to do so and that point was never raised to the Court. This was

ineffective assistance of counsel.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing   James B. Krasnoo, 23 Main Street, Andover, Mass.
       01810

   (b) At arraignment and plea        Same as above

   (c) At trial         Same as above

   (d) At sentencing        Same as above

(6)

AO 243
REV 6/82

(e) On appeal  Myra G. Orlen, P. O. Box 60478, Florence, Massachusetts, 01062

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
       Yes ☐  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
1/20/05
(date)

_____
Signature of Movant

(7)