UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10277-GAO

DULCINEA CHARLES,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

**ORDER**
April 14, 2005

O'TOOLE, D.J.

As it plainly appears from the face of the petitioner's motion under 28 U.S.C. § 2255 and the prior proceedings in her criminal case (No. 02-10064-GAO) that she is not entitled to relief, the petitioner's motion is hereby summarily dismissed. R. Gov. § 2255 P. 4(b).

The petitioner pleaded guilty to attempted alien smuggling for commercial advantage or private financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and was sentenced to the statutory mandatory minimum of three years incarceration. Her sentence was affirmed on direct appeal.

At her plea colloquy, the petitioner expressly acknowledged that she demanded and received a cash fee in exchange for forged identification documents. That admission established as a fact the necessary element that the alien smuggling was done for commercial advantage or private financial gain. The petitioner's argument that she passed the full cash fee on to someone else and made no profit herself, even if true, would not mean the element had not been satisfied. Since she admitted the commercial aspect of the crime at her plea colloquy, counsel's omission to argue otherwise at

her sentencing hearing was neither deficient nor prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense). See also United States v. Antonakopoulos, 399 F.3d 68, 76 (2005) ("Generally, there is no Booker [or Blakely] argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts . . . admitted by the defendant.").

The motion is dismissed.

It is SO ORDERED.

_April 14 2005_  
DATE

_/s/ [signature]_  
DISTRICT JUDGE