# United States Court of Appeals
## For the First Circuit

# MANDATE

No. 05-1999

DULCINEA CHARLES,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA

Respondent, Appellee.

---

Before

Selya, Lynch, and Lipez, Circuit Judges.

---

**JUDGMENT**
**Entered: July 22, 2005**

Appellant, Dulcinea Charles, seeks expedited review of her appeal of the district court's dismissal of her § 2255 petition. Because determining whether there is reason for expedited review requires us to undertake essentially the same analysis (whether appellant is in jeopardy of over-serving her lawful sentence) as deciding whether to issue a certificate of appealability ("COA"), we have, in the interest of judicial economy, treated appellant's motion for expedited review as a request for COA.

Because appellant has failed to demonstrate "a substantial showing of a denial of a constitutional right[,]" see 28 U.S.C. § 2253(c)(2), we deny the COA.

"Generally, there is no Booker argument if the sentence imposed is a statutory mandatory minimum sentence resulting from facts . . . admitted by the defendant." United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005). Appellant was sentenced to the mandatory minimum of 36 months. She admitted that she requested and accepted money in exchange for forged

identification documents. This is sufficient to meet the "commercial advantage or personal financial gain" element of the alien smuggling statute. See United States v. Angwin, 271 F.3d 786, 805 (9th Cir. 2001)("The statute does not require evidence of an actual payment or even an agreement to pay. It merely requires that the offense was done for the purpose of financial gain."); United States v. Schemenauer, 394 F.3d 746, 751 (9th Cir. 2005)(same); United States v. Zheng, 306 F.3d 1080, 1086 (10th Cir. 2002)("[A] common sense understanding of 'commercial advantage' is a profit or gain in money obtained through business activity. . . .[T]he common meaning attributed to 'private financial gain' is an additional profit specifically for a particular person or group."). Appellant's mandatory minimum sentence does not violate Booker.

It follows that the failure of appellant's counsel to raise an issue under Blakely v. Washington at the sentencing hearing or on direct appeal was neither deficient nor prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense.).

A certificate of appealability is denied, and the appeal is terminated.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

*[signature]*

**Deputy Clerk**

Date: 9/12/05

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____
       Chief Deputy Clerk.

[cc: Dulcinea Charles, Michael J. Sullivan, USA]